### SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

**Raynard M. FENSTER, Terese M. Lamb, Delaware Technology Corporation, Russell V. Price, Bruce K. Ritzscke, and Hayden H. Thompson, Defendants.**

No. 95–K–1367.

United States District Court, D. Colorado.

June 25, 1996.

Thomas D. Carter, Polly Hatkinson, Securities & Exchange Commission, Denver, CO, for plaintiff.

Kim E. Ikeler, Krendl, Horowitz & Krendl, Denver, CO, for defendant Thompson.

J. Larence Hamil, Denver, CO, for defendant Price.

Steven M. Feder, Bader & Villanueva, P.C., Denver, CO, for defendant Lamb.

James H. Hahn, Denver, CO, for defendant Ritzschke.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This Securities Exchange Commission (SEC) civil enforcement action was brought

against various individuals involved in the demise and alleged mismanagement of the Stat–Tech Corporation, including former Stat–Tech officer Bruce Ritzschke. *See In re Stat–Tech Securities Litigation*, 905 F.Supp. 1416, 1420 (D.Colo.1995) (discussing nature and background of ongoing Stat–Tech securities litigation). The SEC contends Ritzschke sold millions of shares of unregistered Stat–Tech stock in violation of §§ 5(a) and 5(c) of the Securities Act of 1933, as amended. 15 U.S.C. §§ 77e(a) and (c). It seeks an injunction preventing Ritzschke from engaging in any further securities violations, disgorgement of "ill-gotten gains," and civil penalties.

Ritzschke moves to dismiss, offering two theories of relief. First, Ritzschke argues the action is time-barred under Rule 4004(a) of the Federal Rules of Bankruptcy Procedure because the SEC failed during the course of his 1994 bankruptcy proceedings to file a complaint objecting to Ritzschke's discharge. In addition, Ritzschke asserts any liability he may have on the SEC's claims was discharged so that the SEC is enjoined under 11 U.S.C. § 524 from pursuing its claims in this later action. Ritzschke's second theory is that the SEC has failed to allege facts sufficient to warrant the granting of an injunction. This issue was raised for the first time in Ritzschke's reply brief, when he "joined" in the then-pending motion to dismiss filed by co-defendant Melvin Takaki.[1]

## I. *FACTS*

For the purposes of the instant motion, I assume the following facts to be true:

At various times from April 1990 until sometime in 1992, Ritzschke was the secretary, treasurer and a director of Stat–Tech. On February 12, 1991, Ritzschke received 2,783,200 shares of restricted Stat–Tech stock from Raynard Fenster, president and chief executive officer of Stat–Tech.[2] Ritzschke then delivered 1,350,000 of those shares to a broker/dealer for sale. These

shares were then sold on July 24, 1991, for total proceeds of $59,387.75.

To effectuate the sale, the SEC asserts Ritzschke presented false documentation to the transfer agent, the broker and Stat–Tech's legal counsel. In letters and in a Rule 144 disclosure form, Ritzschke falsely stated that he received the 1,350,000 shares as part of a gift from Fenster on December 1, 1988. According to the SEC, Ritzschke only received the stock on February 12, 1991, less than six months before the stock was sold. SEC rules would have required Ritzschke to hold the stock for two years before selling it.

The SEC contends Ritzschke violated §§ 5(a) and 5(c) of the Securities Act of 1933 by selling these unregistered shares, and then an additional 1,741,000 shares of unregistered stock, from December 1989 through July 1991 for total proceeds of over $120,000.

## II. *MERITS*

### A. *The Effect of Ritzschke's Discharge*

■ Ritzschke filed for Chapter 7 bankruptcy protection on May 25, 1994. In his Schedule F, Ritzschke listed the SEC as a creditor holding a contingent, unliquidated and disputed claim based on "[a]lleged negligent misrepresentation re: 1989 and 1990 Stat–Tech International Corp. documents." *See* Ritzschke Mot. Dismiss, Ex. A. Ritzschke asserts, and the SEC does not deny, that the SEC received notice along with other creditors of his bankruptcy, as well as the deadline for filing complaints objecting to discharge under Rule 4004(a), Fed.R.Bankr.P. *See* Order and Notice of Bankruptcy Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates, *id.*, Ex. B. No complaints were filed, and on September 12, 1994, Ritzschke received his discharge in bankruptcy. *Id.*, Ex. C.

Ritzschke asserts the SEC is enjoined from pursuing the instant action under 11 U.S.C. § 524(a)(2) and (3) because any liability he may have had on the SEC's claims was

---

1. Takaki reached a settlement with the SEC and was dismissed before any ruling on his motion to dismiss had issued.

2. Fenster is also a named defendant in this civil enforcement action.

released as part of his discharge. Ritzschke further asserts the SEC's failure to object to his discharge within 60 days of the creditors' meeting under Rule 4004(a) also precludes it from maintaining the instant action against him. The SEC contends Ritzschke's bankruptcy has no effect on its claims and maintains they would not have been subject to discharge in any event. The issue before me is the effect, if any, of Ritzschke's discharge on the SEC's ability to pursue the instant civil enforcement action against him based on his prepetition conduct.

The SEC's failure to pursue such an action against Ritzschke during his bankruptcy proceedings is troubling given that it was not prevented from doing so by the Bankruptcy Code's automatic stay provisions. *See* 11 U.S.C. § 362(b)(4) (the filing of a bankruptcy petition does not stay the commencement or continuation of an action by a governmental unit "to enforce [its] police or regulatory power"). Ritzschke's argument that his liability on the SEC claims evaporated with his discharge is also dubious, however, because any judgment on those claims would not have been subject to discharge under the Code. *See* 11 U.S.C. § 523(a)(7) (a discharge in bankruptcy does not discharge an individual from debts "to the extent such debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss").[3] With the exception of the request for dis-

gorgement,[4] there can be no dispute that any judgment in favor of the SEC in this case would fall within the definition of nondischargeable debt under § 523(a)(7).

The real issue, it seems, is one of waiver or estoppel. On the one hand, it is not unreasonable for Ritzschke, having listed the SEC as a creditor on his Schedule F but having received no indication from the SEC that it intended to pursue any action against him, to expect that his "fresh start" in bankruptcy included relief from any future SEC action. On the other hand, the SEC should not lose its right to pursue such public interest litigation simply because it could have done so during the course of the bankruptcy proceedings but did not.[5] Further, it would be pointless to interpret Rule 4004(a) as requiring the SEC or any other governmental enforcement agency to file a complaint objecting to a debtor's discharge when any liability the debtor may ultimately have on the complaint would be nondischargeable under § 523(a)(7) in any event.

Ritzschke's briefs fail adequately to address this issue and I find it inappropriate for resolution on a motion to dismiss. In the absence of clear authority applying the doctrines of waiver, estoppel or laches to the SEC under circumstances such as those presented here, I deny Ritzschke's motion to dismiss in this regard.

---

**3.** I note that Ritzschke's Discharge releases him "from all dischargeable debts" and declares null and void any judgments "heretofore or hereafter obtained" to the extent they purport to hold him personally liable for "debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a)." Discharge of Debtor (Ex. C, Ritzschke Mot. Dismiss), ¶ 2. Conspicuously absent from the list of future judgments declared "null and void" are those that would purport to hold Ritzschke liable debts alleged to be excepted from discharge under clause (7) of § 523(a).

**4.** SEC acknowledges the uncertainty in the caselaw on the question of whether disgorgement is payable "for the benefit" of the government, or whether it is more in the nature of a private remedy to the victims of fraud. I find the district court's analysis and decision in *SEC v. Lorin*, 869 F.Supp. 1117 (S.D.N.Y.1994), helpful in this regard. The *Lorin* court addressed the issue in order to determine whether an SEC disgorge-

ment action was subject to a statute of limitations defense. *Id.* at 1127. Considering thoroughly existing caselaw and commentary on the issue, the court found the fact the SEC is not required by statute to turn over disgorged proceeds to the victims of securities violations dispositive. Because the government "is not precluded from gaining something 'tangible' as a result of [SEC disgorgement actions]," the court found such actions "operate[ ] to vindicate a public interest." *Id.* at 1130. The court concluded the SEC was not bound by any limitations period and struck defendants' affirmative limitation defense accordingly. *Id.*

**5.** Again, I reference the *Lorin* decision, where the Southern District of New York found the SEC's authority to initiate civil enforcement actions was not subject to a borrowed statute of limitations. 869 F.Supp. 1117, 1127, 1130 (where the SEC acts to vindicate the public's interest, the common law doctrine of *nullum tempus occurrit regi* (time does not run against the king) applies).

### B. *Failure to State a Claim*

 Ritzschke, by reference to the motion to dismiss filed by Takaki in this case, argues the SEC has alleged insufficient facts regarding his propensity to engage in future securities violations to state a claim for injunctive relief. According to Ritzschke, the SEC's conclusory allegations that defendants, "unless restrained and enjoined, will continue to engage in [securities violations], *see* Complaint ¶ 4, are inadequate.[6]

To support his argument, Ritzschke relies on caselaw stating that a "proper showing" for the issuance of an injunction under the Securities Act is "proof that a person is or is about to engage in a substantive [securities] violation." Ritzschke Reply at ¶ 6 (citing, *inter alia, Aaron v. SEC,* 446 U.S. 680, 700–701, 100 S.Ct. 1945, 1957–1958, 64 L.Ed.2d 611 (1980) and *SEC v. Pros Int'l, Inc.,* 994 F.2d 767 (10th Cir.1993)). Ritzschke argues a past violation, even if proven, will not by itself create an inference of a present or future violation sufficient to warrant the issuance of an injunction.

The statement of the law is correct, but its application in the instant case is premature. *Pros Int'l* and the other cases cited by Ritzschke indeed hold that prohibitory injunctions will not issue based on proof of past violations alone. In considering whether an injunction is warranted, the Tenth Circuit instructs courts to "look beyond" alleged past violations "and determine 'whether there is a reasonable likelihood that the defendant, if not enjoined, will again engage in [such misconduct].'" *Pros Int'l,* 994 F.2d at 769 (quoting *SEC v. Bonastia,* 614 F.2d 908, 912 (3d Cir.1980)). The cases do not, however, support Ritzschke's assertion that the SEC is subject to a higher standard of pleading when it seeks injunctive relief. To the contrary, rulings in favor of the defendants in *Pros Int'l* and related cases were issued only after the SEC had been allowed to conduct discovery and present evidence as to defendants' propensity to engage in future viola-

tions. *See, e.g., Pros Int'l* at 770 (affirming summary judgment entered in favor of accountant based on SEC's failure to present evidence establishing likelihood of future violations).

Should the SEC be unable in the instant action to present any evidence beyond Ritzschke's two allegedly unlawful sales of Stat–Tech stock in 1991, its request for injunctive relief will fail as a matter of law. Whether this failure would deprive me of jurisdiction to award any relief on the SEC's claims is an issue to be reached only then. *See* n. 6, *supra.*

For the foregoing reasons, I deny Ritzschke's motion to dismiss.

---

**6.** In addition, Ritzschke asserts the SEC's failure to state a claim for injunctive relief is also a failure to state a claim for disgorgement or penalties. According to Ritzschke, this is so because the availability of injunctive relief is a jurisdictional prerequisite to an award of any kind of equitable relief. Because I deny Ritzschke's motion to dismiss with respect to the availability of injunctive relief, I need not reach this issue now.